```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**HYUNJUN CHO**                                                    **CIVIL ACTION**

**versus**                                                         **No. 07-629**

**STELLA JARINA, ET AL.**                                          **SECTION: "I"/4**

## ORDER AND REASONS

Before the Court is a motion to dismiss filed on behalf of defendants, Stella Jarina, the U.S. Citizenship and Immigration Services ("USCIS"), the Federal Bureau of Investigation ("FBI"), and the United States of America, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff in this matter is Hyunjun Cho. For the following reasons, defendant's motion to dismiss is **DENIED**.

### *Background*

The matter before the Court arises from plaintiff's action to compel defendants to adjudicate her I-485 adjustment of status petition which is pending with USCIS. On March 9, 2005, plaintiff, a citizen of the Republic of Korea (South Korea), filed an I-485 application for adjustment of status with USCIS to become a permanent resident.[1] An interview was conducted regarding her application on June 15, 2006. Plaintiff asserts that there is no

---

[1] Rec. Doc. No. 1, pp. 1-3.

reason for the delay in processing her application and seeks relief through mandamus and the Administrative Procedure Act ("APA").[2]

Defendants state, through the sworn declaration of USCIS official Sara Smith, that USCIS is awaiting the results of an FBI name check, a required component of the background check, before it can continue processing Cho's application.  USCIS requested this name check from the FBI on March 31, 2005, but has yet to receive a response from the FBI.[3]  Although plaintiff notes that her fingerprint check has expired, defendants also state that Cho has been scheduled to be fingerprinted again on May 17, 2007 and, therefore, the fingerprint check should not delay her application.[4] Finally, defendants note that Cho does not face "any immediate adverse consequences by waiting for the FBI name check to be completed."[5]

Plaintiff filed her complaint in this Court on February 7, 2007, asserting jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1336, as well as 5 U.S.C. § 704.[6]  On April 5, 2007, defendants filed their motion to dismiss, asserting that this Court is without

---

[2] Rec. Doc. No. 1, pp. 3-4.

[3] Rec. Doc. No. 3-7, p. 4.

[4] Rec. Doc. No. 8-2, pp. 2-3.

[5] Rec. Doc. No. 8-2, p. 3.  She is in lawful immigrant status pursuant to an H1-B worker visa, and she is entitled to continued work authorization while her adjustment of status application is pending with USCIS.  *Id.*

[6] Rec. Doc. No. 1.

jurisdiction and that plaintiff fails to state a claim upon which relief can be granted.[7]

***Law and Analysis***

**I.   Standard of Law**

*A. Lack of Subject Matter Jurisdiction*

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for the dismissal of an action where the court finds that it does not have subject matter jurisdiction.  Rule 12(b)(6) provides for dismissal for failure of a party to state a claim for which relief can be granted.   Where "a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits."  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).

A motion to dismiss for lack of subject matter jurisdiction should be granted "only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief."  *Ramming*, 281 F.3d at 161.  Lack of subject matter jurisdiction may be found through an examination of: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of

---

[7]Rec. Doc. No. 3.

disputed facts. *See id.* Because the burden of proof on a motion to dismiss for lack of subject matter jurisdiction is on the party asserting jurisdiction, plaintiff "constantly bears the burden of proof that jurisdiction does in fact exist." *See Ramming*, 281 F.3d at 161 (citing *McDaniel v. United States*, 899 F. Supp. 305, 307 (E.D. Tex. 1995), and *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)).

   *B. Failure To State A Claim Upon Which Relief Can Be Granted*

   If the court determines that subject matter jurisdiction exists, it must then address the Rule 12(b)(6) motion. *Ramming*, 281 F.3d at 161 (citing *Hitt*, 561 F.2d at 608). Pursuant to Rule 12(b)(6), a district court cannot dismiss a complaint for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957); *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). The court will not look beyond the factual allegations in the complaint to determine whether relief should be granted. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In assessing a claim, a court must accept all well-pleaded facts in the complaint as true and liberally construe all factual allegations in the light most favorable to the plaintiff. *See Spivey*, 197 F.3d at 774; *Lowrey v.*

*Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). "However, '[i]n order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations.'" *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992) (quoting *Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir. 1989)) (alteration in original).

The "complaint must contain either direct allegations on every material point necessary to sustain a recovery or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). A plaintiff "is merely required to provide, in his complaint, a 'short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds on which it rests.'" *Lewis v. Fed. Reserve Bank of Atlanta-New Orleans Branch,* No. Civ.A. 04-1452, 2004 WL 2035006, at *3 (E.D. La. Sept. 10, 2004) (quoting *Conley,* 355 U.S. at 47, 78 S. Ct. at 103). Still, a complaint must allege sufficient facts for an inference to be drawn that the elements of the claim exist. *Walker v. South Cent. Bell Tel. Co.*, 904 F.2d 275, 277 (5th Cir. 1990).

### *Law and Analysis*

The government asserts that this Court is without jurisdiction because the Immigration and Nationality Act ("INA") expressly

precludes judicial review in these circumstances. As the government argues, the INA specifically provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title ... no court shall have jurisdiction to review--
> (I) any judgment regarding the granting of relief under section ... 1255 of this title, or
> (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security....

8 U.S.C. § 1252(a)(2)(B). Section 1255 of the INA in turn provides for the adjustment of status of an alien by the Attorney General "in his discretion and under such regulations as he may prescribe." 8 U.S.C. § 1255(a). The government also asserts that INA Section 1252(g) supports its argument.[8]   Therefore, the government asserts that any action regarding plaintiff's application for adjustment of status is discretionary and beyond the Court's jurisdiction.

Plaintiff counters that these provisions are inapplicable because she is only challenging the government's "failure to perform its non-discretionary duty to process and adjudicate

---

[8]Section 1252(g) states that, except as provided in that section, and notwithstanding other provisions of law, "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."  8 U.S.C. § 1252(g).

adjustment of status applications within a reasonable time."[9] Plaintiff asserts that this duty to act within a reasonable time arises under the APA, which provides that "*within a reasonable time*, each agency shall proceed to conclude a matter presented to it."  5 U.S.C. § 555(b) (emphasis added).  "The Act further provides that federal courts 'shall ... compel agency action unlawfully withheld or unreasonably delayed....'"  *Linville v. Barrows*, No. 06-1430, slip op. at 3 (W.D. Okla. 2007) (quoting 5 U.S.C. § 706(1)) .

Considering the arguments of the parties and after a thorough review of the divergent caselaw on this issue, the Court concludes, as did the Court in *Linville*, that there is jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and the APA.  *Id.*  This Court adopts the applicable reasoning and logic of *Linville* as though written herein.  In particular, the Court finds that the government has a "ministerial nondiscretionary duty" to adjudicate plaintiff's adjustment of status application within a reasonable time, an enforceable duty under the APA and one for which the jurisdiction-stripping provisions of Section 1252 are inapplicable.  *Id.* at *6; *see also, e.g.*, *Elmalky v. Upchurch*, 2007 WL 944330, at *5 (N.D. Tex. Mar. 28, 2007) (holding that USCIS has a nondiscretionary duty to issue some decision on an adjustment application within a reasonable time).

---

[9]Rec. Doc. No. 5, p. 3.

The Court notes that, as plaintiff has a course of remedy through the APA, there is no independent jurisdiction pursuant to the mandamus statute, 28 U.S.C. § 1361. *Linville*, No. 06-1430, at 3; *see also Li v. Agagan*, No. 04-40705, 2006 WL 637903, at *4 n.5 (5th Cir. 2006) (unpublished) (mandamus jurisdiction unavailable where remedy exists under APA).

As to the government's remaining Rule 12(b)(6) motion, the Court concludes that plaintiff's allegations are sufficient to withstand dismissal at this stage. Given that her I-485 application has been pending without final adjudication for over two years, it is not beyond doubt that plaintiff can prove no set of facts in support of her claim which would entitle her to relief. *See Linville*, No. 06-1430, at 6; *Elmalky*, 2007 WL 944330, at *6.

Accordingly,

**IT IS ORDERED** that the motion[10] of defendants to dismiss this action pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure is **DENIED**.

New Orleans, Louisiana, May ___18th___, 2007.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[10]Rec. Doc. No. 3.